IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STERLING THOMPSON,

    Plaintiff,

vs.

                                    Case No.07-1034-JTM

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.

**MEMORANDUM AND ORDER**

The court has previously entered an Order (Dkt. No. 28) denying the claim of plaintiff Sterling Thompson, who has presented a claim for Social Security benefits. The matter is now before the court on Thompson's Motion for Reconsideration (Dkt. No. 33), and his Motion for Relief from Judgment under Rule 60(b) (Dkt. No. 44). Following the withdrawal of his counsel, plaintiff Thompson presents his arguments *pro se*.

However denominated, both of Thompson's motions seek the same general result, reconsideration of the court's prior Order denying his claim for benefits. His subsequent motions indeed are essentially supplemental motions reiterating or amplifying the arguments for reconsideration advanced in his first, explicit Motion for Reconsideration.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but

reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). Relief under Rule 60(b) is permitted only under six, specifically-enumerated conditions. *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). An applicant for relief under Rule 60(b) must present newly-discovered evidence not previously available, demonstrate mistake, inadvertence, surprise, or excusable neglect, or show that the judgment was void, has been satisfied, or based on fraud.

Thompson has not shown any valid grounds for relief. In its prior Order, the court determined that Thompson was not disabled prior to December 31, 1992, the date his Social Security insured status ended. All of the evidence cited by Thompson in his recent motions has either previously been presented in the case and is not new, or relates to his medical condition after his insured status lapsed, and thus would not alter the court's previous Order.

In addition to his other motions, Thompson has also filed a Motion to Compel, requesting "an order of enforcement for [his prior] counsel to respond and answer Its previous Order Doc. 38 notice electronically filed October 24, 2008, pursuant to D. Kan Rule 83.5.5 as plaintiff shows cause to this court why this enforcement order Should be granted by the court." (Dkt. No. 39, at 1 all [sic]). In the October 24th Order, the court by electronic text entry ruled as to counsel's motion to withdraw:

"The court will allow withdrawal by counsel after compliance with D.Kan. Rule 83.5.5." Thompson's current motion is moot, as the court has subsequently entered a separate Order finding that the requirements of Rule 83.5.5 had been meet and therefore granted counsel's Motion to Withdraw. (Dkt. No. 41).

IT IS ACCORDINGLY ORDERED this 12th day of February, 2009, that the plaintiff's Motions for Reconsideration, to Compel, and for Relief (Dkt. No's 33, 39, 44) are hereby denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE