IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STERLING THOMPSON,

      Plaintiff,

      vs.                       Case No.07-1034-JTM

MICHAEL J. ASTRUE,
Commissioner of Social Security

      Defendant.

MEMORANDUM AND ORDER

In this appeal from the denial of Social Security benefits, the court has previously entered an Order on July 22, 2008 affirming the decision of the defendant Commissioner (Dkt. No. 28), and a subsequent Order denying plaintiff Sterling Thompson's subsequent Motion for Reconsideration (Dkt. No. 48). Currently before the court is Thompson's second Motion for Reconsideration (Dkt. No. 49), filed *pro se* after the withdrawal of his counsel (Dkt. No. 41).

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989).

A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). Similarly, relief under Rule 60(b) is appropriate only under limited circumstances, such as the presence of fraud, misrepresentation, or misconduct by a party, the satisfaction, release or discharge of the judgment, or for any other reason to conclude that the judgment is void or voidable, or is otherwise fundamentally unfair. *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991).

Thompson's present motion addresses none of these required showings. Instead, his motion is simply a reargument of issues previously advanced in the original briefing. As such, the matter is not appropriate for reconsideration, and the plaintiff's motion will be denied.

IT IS ACCORDINGLY ORDERED this 18th day of May, 2009, that the plaintiff's Motion for Reconsideration (Dkt. No. 49) is hereby denied.

                                                s/ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE