IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STERLING THOMPSON,

        Plaintiff,

vs.                                        Case No. Case No. 07-1034-JTM

MICHAEL ASTRUE,
  Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

On June 29, 2009, the Court entered an Order (Dkt. 57) which denied *pro se* plaintiff Sterling Thompson's request for leave to file yet another Motion for Reconsideration. Thompson then sought reconsideration of this Order, which the court denied on July 15. (Dkt. 61). In addition, the Court cautioned that filing restrictions would be imposed if he sought any further reconsideration of the court's Orders:

> [T]he Court hereby notifies plaintiff that filing restrictions will be imposed if he files any other motion seeking reconsideration of the Court's prior Orders. No litigant has the right of unlimited access to the courts. *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). This Court has the authority to impose filing restrictions on a *pro se* litigant who abuses the privilege of that status. *Werner v. Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994). *See, e.g. Zhu v. Federal Housing Finance Bd.*, No. 04-2539-KHV, 2007 WL 1266887 (D. Kan. May 1, 2007) (imposing filing limitations).

(Dkt. 61, at 2).

Despite that explicit warning, on July 22, 2009, Thompson then filed a "Motion to Void Judgment Pursuant to Rule 60(b)(4)." (Dkt. 62). In addition, on August 18, 2009, the plaintiff filed

a separate action, Case No. 09-1252-JTM, in which he also seeks a determination that he is entitled to disability benefits. Depending on how they are counted, in the year after the Court entered judgment denying his disability appeal, Thompson has filed six pleadings seeking reconsideration of that decision. (Dkt. No's 33, 44, 49, 53, 59, 62).

As with all of his previous motions for reconsideration, Thompson's "Motion to Void" fails to demonstrate the existence of any intervening change of controlling law, the recent discovery of new evidence not previously available, or any reasonable basis for finding that clear error exists or the need to prevent manifest injustice. None of the grounds for relief under Fed.R.Civ.Pr. 60 exist. All of the evidence cited in Thompson's motion was previously available. Instead, again as with all of his previous motions for reconsideration, the present motion is simply reargument of previously addressed issues. Thompson's present Motion to Void is denied.

"There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902-903 (10th Cir.1986) (collecting cases). A variety of restrictions have been imposed by the courts to curb repeated, vexations attempts to relitigate issues. *See Tripati v. Beaman*, 878 F.2d 351, 358 (10th Cir. 1989). Such restrictions should include "some guidelines as to what plaintiff must do to obtain the court's permission to file an action," and the limited party "is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* at 354. However, "[t]he notice and and opportunity requirement does not ... require an in-person hearing in the district court." *Id*.

By its previous Order of July 15, 2009, the Court specifically gave notice that filing restrictions would be implemented. Thompson responded by filing only what is in essence yet

another motion for reconsideration, along with a new separate action again seeking to revive his previously dismissed disability claims. Thompson made no response to the proposed filing limitations.

**In the present action, Case No. 07-1034-JTM, Thompson is hereby enjoined from submitting any further motions which in form or substance seek reconsideration of the judgment entered on July 22, 2008. Upon the submission of any further requests for reconsideration, Thompson may be found in contempt of court and punished accordingly.**

**In any action, Thompson is hereby prohibited from raising or asserting arguments relating to any of his previously-asserted claims for Social Security disability benefits, or otherwise raising arguments which are the same or similar to those which have been presented in this case.** *See Van Sickle v. Holloway*, **791 F.2d 1431, 1437 (10th Cir.1986) (prohibiting complaints which similar allegations);** *Castro v. United States,* **775 F.2d 399, 402 (1st Cir. 1985) (prohibiting any further pleadings or further litigation as to subject matter resolved in the case). Thompson is enjoined from filing any action naming as defendant the Commissioner of Social Security without prior leave of court.  In asking leave of court, Thompson must certify that the claims he wishes to present are new claims never raised before and disposed of on the merits by any federal court. Upon a failure to certify or upon false certification, Thompson may be found in contempt of court and punished accordingly.** *See In re Green*, **669 F.2d 779, 787 (D.C. Cir. 1981).**

It is accordingly ordered this 24th day of September, 2009, that the plaintiff's Motion to Vacate (Dkt. 62) is denied, and plaintiff is hereby ordered to comply with the restrictions imposed herein.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE